IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LAWRENCE PETERSON,

                Plaintiff,                            24cv1591
                                                          ELECTRONICALLY FILED

    v.

DR. LAUREL HARRY *Secretary of the Department of Corrections,* ET AL.,

                Defendants.

**MEMORANDUM ORDER RE: NOVEMBER 25, 2024 REPORT
AND RECOMMENDATION (Doc. 12)**

This *pro se* prisoner civil rights action was commenced on November 20, 2024, when Plaintiff Lawrence Peterson ("Plaintiff") filed a Motion for Leave to Proceed in Forma Pauperis. (Doc. 1).  The case was assigned to United States Magistrate Judge Keith A. Pesto ("Magistrate Judge Pesto") on November 21, 2024, for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72.D.

On November 25, 2024, Plaintiff's Motion for Leave to Proceed in Forma Pauperis was granted and Plaintiff's Complaint was docketed by the Clerk of Court.  (Doc. 4, Doc. 5).

## I.      RELEVANT BACKGROUND

On November 25, 2024, having reviewed Plaintiff's Complaint, Magistrate Judge Pesto issued a Report and Recommendation ("R&R") in which he recommended, pursuant to 28 U.S.C. § 636(b)(1) and 28 U.S.C. § 1915(e)(2)(B): "dismissal of all damages claims and all but one defendant (Dr. Harry, the Secretary of Corrections) without leave to amend."  (Doc. 12 at 2).

Plaintiff was informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, he had fourteen (14) days to file any objections.

Plaintiff filed a motion to extend the Objection deadline, which the Court granted; objections then were due no later than January 16, 2025.  (Doc. 13, Doc. 14).

On January 14, 2025, Plaintiff timely filed his "Objections to Report & Recommendation" ("Plaintiff's Objections").  (Doc. 17).

On January 14, 2025, Plaintiff also filed a sworn "Declaration of Lawrence Peterson." (Doc. 16).

## II.    STANDARD OF REVIEW

The *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts."  *Douris v. Middletown Twp*., 293 F. App'x 130, 131 (3d Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.  *Neitzke*, 490 U.S. at 324; *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir.1995).  Accordingly, in addition to reviewing whether a plaintiff is eligible for *pauper* status under 28 U.S.C. § 1915(e)(2)(A), pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must review the plaintiff's Complaint and determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

The United States Court of Appeals for the Third Circuit has established procedures by which Section 1915 is to operate.  *Deutsch*, 67 F.3d at 1084.  In the Third Circuit, leave to proceed *in forma pauperis* is based on a showing of indigence.  *Id.* at 1084 n. 5.  In cases where leave is granted, the Court thereafter considers the separate question whether the plaintiff's Complaint should be dismissed because it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief under Section 1915(e)(2).

Additionally, pursuant to Federal Rule of Civil Procedure 72(b)(3), where, as here, objections have been filed: "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  *See also* Local Rule of Court 72.D.2 (providing: "A District Judge shall make a *de novo* determination of those portions to which objection is made and may accept, reject or modify in whole or in part, the findings and recommendations made by the Magistrate Judge.").

## III.    DISCUSSION

### A.  *Claims in Plaintiff's Complaint*

Plaintiff's Complaint is brought pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and is comprised of the following four (4) claims against the twelve (12) named Defendants, whom, as to each of the four claims, Plaintiff is suing both in their individual and official capacities, and seeking both injunctive relief and money damages.  (Doc. 6 at 13, 18).

At Count I, Plaintiff asserts a Section 1983 claim against the Defendants, alleging that his rights pursuant to the Free Exercise of Religion Clause of the First Amendment to the United States Constitution ("First Amendment's Free Exercise of Religion Clause") were violated, causing him injuries, when the Defendants: (1) "denied plaintiff a vegetarian diet to his religious practices that is proscribed for plaintiff and followers of this faith [Shetaut Neter] by telling him to self-select foods he wishes to eat and not eat depriving him the right to be provided with food

sufficient to sustain him in good health that satisfies the dietary laws of his religion;" and

(2) "arbitrarily denied plaintiff a meal schedule to observe a monthly Moon Festival Ritual to the

tenets of his faith to Fast as afforded to other prisoners to enable them to observe a similar fast at

a different season." (*Id*. at 34-35).

At Count II, Plaintiff asserts a Section 1983 claim against the Defendants, alleging that

his rights pursuant to the Establishment Clause of the First Amendment to the United States

Constitution (First Amendment's Establishment Clause") were violated, causing him injuries,

when the Defendants: "with wanton, willful and reckless acts wrongfully favored and promoted

with the improper intent and effect of encouraging a variety of other religions to flourish at the

prison by enforcing regulations that impinges on the religious rights practiced by plaintiff." (*Id*.

at 35-36).

At Count III, Plaintiff asserts a claim under RLUIPA, alleging that his rights were

violated, causing him injuries, when the Defendants "lacking any rational correctional purpose

placed a substantial burden on plaintiff's religious exercise without seeking a lesser alternative

means to be accomplished that would be less burdensome to the religious exercise" (*Id*. at 36).

(*See also id*. at 37) (asserting: "[t]he imposition by the Defendants by arbitrarily enforcing

PaDOC DC-ADM 819 regulations against plaintiff was not the least restrictive means of

furthering any governmental interest.").

At Count IV, Plaintiff asserts a Section 1983 claim against the Defendants, alleging that

his rights pursuant to the Equal Protection Clause of the Fourteenth Amendment of the United

States Constitution ("Fourteenth Amendment's Equal Protection Clause") were violated, causing

him injuries, when the Defendants "deprived plaintiff reasonable food to sustain him in good

health and denying him not to be able to enjoy the full spiritual experience of twice Monthly

Ritual Moon Festival, by using PaDOC DC-ADM 819 regulations to improperly impinge on plaintiff's religious beliefs." (*Id*. at 37).

### B. *Magistrate Judge Pesto's R&R*

As stated, in his R&R, Magistrate Judge Pesto recommended "dismissal of all damages claims and all but one defendant (Dr. Harry, the Secretary of Corrections) without leave to amend." (Doc. 12 at 2).

The bases for this recommendation by Magistrate Judge Pesto are as follows.

First, Magistrate Judge Pesto determined, relevant to Count III of Plaintiff's Complaint, that Plaintiff's claim for money damages under RLUIPA should be dismissed against all of the Defendants because "[n]on-recipients of the [federal] funds, including individuals who are state officials, generally cannot be subject to private liability for monetary damages." (*Id.*).

Second, Magistrate Judge Pesto determined, relevant to Count I of Plaintiff's Complaint: "To the extent that plaintiff brings a First Amendment Free Exercise claim under Section 1983 seeking money damages against any defendant in an individual capacity, the doctrine of qualified immunity bars any such claim." (*Id.*).

In support thereof, Magistrate Judge Pesto reasoned:

Qualified immunity shields officials from liability for damages as long as their conduct does not violate clearly established statutory or constitutional rights. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) A clearly established right is one that is sufficiently clear that every reasonable official would have understood that their actions violate that right. *Reichle v. Howards*, 566 U.S. 658, 664(2012). That is, existing precedent must have placed the statutory or constitutional question beyond debate. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). Peterson's complaint painstakingly documents that his request (actually two requests, one for a "fast bag" twice a month at the new moon and full moon, and one for a specifically-assembled diet) was carefully considered and rejected (the "fast bag" request was rejected because plaintiff's attempt to analogize his claims to Muslim or Jewish fasting practice was unconvincing; his request for a specifically-assembled diet was rejected because the available non-meat and kosher diet options already provided plaintiff with the features he sought). There are no allegations that would allow an

inference that at any but the highest level of abstraction ("The First Amendment protects free exercise of religion") the defendants had any precedent to guide them, much less were in violation of that precedent. If we indulge in the fiction that defendants must read the advance sheets to determine what precedent is, they would have read cases advising them they were not in violation of the First Amendment. *See e.g. Cotton v. Cate*, 578 Fed. Appx. 712, 714 (9th Cir. 2014) (affirming summary judgment as to §1983 claims by inmate Cotton seeking a kemetic diet: "All constitutional claims brought by prisoners, except Eighth Amendment claims, are subject to [*Turner v. Safley*, 482 U.S. 78 (1987)]. Under *Turner*, a prisoner's constitutional claim fails if the challenged policy or action is rationally related to a legitimate penological interest. [482 U.S. at 78–80]. Here, Cotton concedes that the prison officials have a legitimate penological interest in maintaining a simple food service. Denying Cotton's request to create and serve a new meal plan is rationally related to that interest.") (cleaned up ). And *see Small v. Wetzel*, No. 3:12-CV-83-KRG-KAP, 2014 WL 295714, at *3 (W.D. Pa. Jan. 24, 2014) (denying inmate's request for individual interpretation of Ramadan fasting practices: "A reasonable belief that their actions conform to the law is all it takes for the defendants to be protected by the defense of qualified immunity."), aff'd, 592 Fed. Appx. 62 (3d Cir. 2014).

(*Id*. at 2-3).

Third, Magistrate Judge Pesto determined: "This case should go forward to service as one for injunctive relief only, and since only one defendant capable of providing any necessary relief is needed, against only the Secretary of Corrections, defendant Harry.  All other claims and defendants should be dismissed before service." (*Id.* at 3).

Fourth, Magistrate Judge Pesto concluded: "Because in light of what plaintiff already has pleaded amendment is futile, it is not allowed." (*Id.*).

### C.  *Plaintiff's Objections to Magistrate Judge Pesto's R&R, including Plaintiff's Sworn Declaration*

In his Objections to Magistrate Judge Pesto's R&R, Plaintiff first "objects to the Magistrates finding that that (sic.) the RLUIPA does not imply suit for damages against state officials, this is true but plaintiff has met the Turner prongs of Constitutional claims, Free Exercise challenges to prison policy, Turner v. Safely, 482 U.S. 78 (1987).  (See R&R pg. 2)." ([Doc. 17 at 1](Doc. 17 at 1)).

In support of this Objection, Plaintiff asserts: "Defendants (sic.) denial of plaintiff's request for the Kemetic Diet and Fasting rights substantially burdens the Free Exercise of his religion because it is the only diet option that comports with his religious beliefs and practices, and the defendants (sic.) offering of the PaDOC religious diets forces plaintiff to choose between his nutritional needs and abandoning one of the precepts of his religion."  (*Id*.).

In further support of this Objection, Plaintiff also argues:

> The substantial burden upon plaintiff's exercise of his religious beliefs, and practices and his claim based on his First Amendment violation of the Free Exercise Rights constitute irreparable harm.  The defendant has not identified a compelling governmental interest served by their denial of the kemetic diet to plaintiff or produced evidence to support such an interest.  [N]or did defendants consider the availability of an obvious, easy alternative that plaintiff pointed to that fully accommodates plaintiff's rights at de minimis cost to any valid penological interest.

(*Id*. at 2) (citations to cases and Complaint omitted).

Next, Plaintiff "objects to the Magistrates (sic.) findings that only one defendant is capable (sic.) providing any necessary relief, . . . all other claims and defendants should be dismissed before service."  (*Id*.).

Specifically, Plaintiff first contends: "The Magistrates (sic.) decision as to the factors for (sic.) to dismiss all other claims and defendant should not stand, qualified immunity is not a defense to injunctive relief."  (*Id*.) (citation omitted).

Plaintiff then argues how Magistrate Judge Pesto's decision fails "under the Turner analysis:"

> Under the First prong of the Turner test, Plaintiff argues that the defendants cannot establish the 'adequate connection' between its financial and administrative burdens and in the 2023 policy in DC-ADM819 . . . .

> [] The second Turner factor, plaintiff argues that the defendants must consider whether there are alternative means of exercising the right that remains open to prison inmates, the defendants prevent plaintiff from practicing his free exercise

religious beliefs in the manner required by Ma'at/Shetaut Neter, thereby violating his beliefs.

[] The third Turner factor, plaintiff argues, also weighs in his favor because the PADOC failed to demonstrate that the Kemetic Diet of either 80% of fresh fruits/uncooked vegetables and 20% processed foods; or 50% of fresh fruits/uncooked vegetables and 50% cooked foods or other rich vegetarian sources of protein, calories and vitamins such as: soy, soy milk, tofu. and peanut butter provide unique problems beyond normal institutional challenges.    RLUIPA 'Protects institutionalized persons who are unable to freely attend to their religious needs and are therefore dependent on the governments (sic.) permission and accommodations for exercise of their religion!.

[] For the fourth factor, plaintiff argues that the PADOC policy DC-ADM 819 does not apply to his religious needs since the 819 policy provides currently for muslim, jewish, native american, and christian inmates, But, Policy states . . . rights under this policy as to not create rights in any person nor should it be interpreted or applied in such a manner as to abridge the Rights of any individual.  This policy should be interpreted to have sufficient flexibility to be consistent with LAW and to permit the accomplishment of the purpose of the policies of the Department of Corrections. The alternative it should provide is to take all necessary steps to REVISE the status quo of the PADOC 203 DC-ADM 819 policy by Dr. Harry as to include in the context of the DOC's protocols and the methods by which the DOC is implementing it as to and by plaintiff's religious beliefs and dietary practices in particular.  The key point here is the procedural status of the case relative to the Magistrates (sic.) decision, based on that record the Court cannot conclude as a matter of law that the plaintiff does not at least state a claim for relief under the Constitutional provisions plaintiff relies on for a Free Exercise of Religious Right has been violated.

(*Id*. at 2-4) (citations to cases and Plaintiff's Complaint omitted).

Thus, Plaintiff requests in Plaintiff's Objections, in conclusion: "that all other defendants and all other claims be re-instated, and not Granted qualified immunity, and that pro se litigant Mr. Peterson does at least state a claim for relief."  (*Id*. at 4).

As stated, along with Plaintiff's Objections, Plaintiff also filed a sworn Declaration. (Doc. 16).  While this Declaration is not referenced in, or otherwise incorporated into, Plaintiff's Objections (Doc. 17), the Court has reviewed this document, including its attached exhibits, as if it is part of Plaintiff's Objections to Magistrate Judge Pesto's R&R.

In his Declaration, Plaintiff asserts: "The Claims are Substantial and Warrant Closer Consideration."  (Doc. 16 at 2).

In support thereof, Plaintiff declares in relevant part: (1) "I have signed the religious preference form acknowledging my religion as Ma'at/Shetaut Neter @ SCI-fayette given to me by then the FCPD Chaplain Lewis on or about January 30, 2020;" (2) "[a]s it relates to claim in paragraph 28 of plaintiff's §1983 civil rights complaint, Plaintiff on or about November 8, 2022 has submitted his appropriate document religious accommodation request form attachment 4-A for a 'Separate Group Meeting, signed by FCPD Rabbi Admon of SCI-Fayette;"[1] (3) "[a]s to claim in paragraph 2 above plaintiff was notified from Rev. Klemm of Central office, religious services administrator, DTS, and RARC, of the 'Approved in part' for inmates who identify as Shetaut Neter to communally view or listen to approved religious religious (sic.) audio-visual resources . . . if five or more inmates participate; on or about March 25, 2023;"[2] (4) "[a]s it relates to claims in paragraph 28 page 9 of 28 of plaintiff's §1983 civil rights complaint and paragraph 69 page 21 of 28 of plaintiff's §1983 civil rights complaint, Rev. Klemm has (sic.) came to SCI-Fayette to hold an invite for a group interview as I was selected to participate on or about April 9, 2024 @0900;"[3] (5) "[a]s to claim in paragraph 4 above and in paragraph 69 page 21 of 28 of Plaintiff's complaintiff (sic.), plaintiff has since then as a followup sent Rev. Klemm a ltter (sic.) letter after the group meeting interview invite, and Rev. Klemm never responded;"[4]

---

[1] Attached to Plaintiff's Declaration is Plaintiff's November 8, 2022 Religious Accommodation Request Form. (Doc. 16 at 4).

[2] Attached to Plaintiff's Declaration is a Religious Accommodation Decision from Defendant Klemm dated February 22, 2023.  (*Id.* at 6).

[3] Attached to Plaintiff's Declaration is a Group Interview Invite from Defendant Admon dated March 6, 2024. (*Id.* at 8).

[4] Attached to Plaintiff's Declaration is a letter written to Defendant Klemm dated April 12, 2024.  (*Id.* at 10).

(6) "[a]s it relates to claims in paragraphs: 64-65, 71-77 pages 20 of 28 and 22 of 28, 23 of 28 of plaintiff's §1983 civil rights complaint, plaintiff remains on the 'GERD DIET' to keep from experiencing IBS issues from foods made with Red Sauce;"[5] and (7) "[a]s it relates to claims in paragraph 50 page 15 of 28 of plaintiff's §1983 civil rights complaint, and in paragraph 2 page 4 of 6 of plaintiff's motion for TRO/Prelim. Injunc. plaintiff cannot store meal trays in his cell for Fasting purposes, not any other purpose."[6]  (*Id.* at 1-2).

### D.  All of Plaintiff's Objections to Magistrate Judge Pesto's R&R (Including as Set Forth in Plaintiff's Declaration) are Meritless and Thus, Overruled

After a *de novo* review of the pleadings, documents in the case, Magistrate Judge Pesto's R&R, and Plaintiff's Objections (including as set forth in Plaintiff's Declaration), for the following reasons, Plaintiff's Objections (including as set forth in Plaintiff's Declaration) are OVERRULED as meritless.

#### 1.  Plaintiff's RLUIPA claim against the Defendants – Count III of Plaintiff's Complaint

With respect to Plaintiff's claim against the Defendants pursuant to RLUIPA, Plaintiff's Objections (including as set forth in Plaintiff's Declaration) are without merit because it is well established that neither individual capacity nor official capacity damages claims can be brought against state officials and state employees, such as the Defendants in this case, pursuant to RLUIPA, and thus, are OVERRULED.[7]  *See Sossamon v. Texas*, 563 U.S. 277, 288 (2011)

---

[5] Attached to Plaintiff's Declaration is an Inmate Request to Staff Member Form dated August 8, 2024.  (*Id.* at 12).

[6] Attached to Plaintiff's Declaration is an Inmate Request to Staff Member Form dated September 17, 2024.  (*Id.* at 14).

[7] It is unclear whether Plaintiff is objecting to Magistrate Judge Pesto's recommendation that the Court dismiss Plaintiff's RLUIPA claim against the Defendants to the extent Plaintiff seeks monetary damages. (*See* Doc. 17 at 1) (Plaintiff stating that he "objects to the Magistrates finding that that (sic.) the RLUIPA does not imply suit for damages against state officials, this is true but plaintiff has met the Turner prongs of Constitutional claims, Free Exercise challenges to prison policy, Turner v. Safely, 482 U.S. 78 (1987).  (See R&R pg. 2).").  Out of an

(determining RLUIPA does not "include suits for damages against a State," *i.e.,* official capacity claims); *Vo v. Wetzel*, No. 22-1210, 2022 WL 1467978, at *2 n. 2 (3d Cir. May 10, 2022) (citing *Sharp*, 669 F.3d at 153, 155) (explaining: "To the extent that Vo's religious rights claim fell within the purview of RLUIPA, it was properly dismissed, as RLUIPA does not permit actions against state officials in their individual capacities, nor have the states consented to waive their sovereign immunity with respect to RLUIPA suits for damages against State employees in their official capacities."); *Sharp v. Johnson*, 669 F.3d 144, 153 (3d Cir. 2012) (concluding "RLUIPA does not permit such actions [against State officials in their individual capacities]").

Accordingly, Magistrate Judge Pesto correctly concluded in his R&R, with respect to Plaintiff's RLUIPA claim in Count III of Plaintiff's Complaint against the Defendants, that Plaintiff's claims for monetary damages under RLUIPA must be dismissed with prejudice as to all of the Defendants prior to service of Plaintiff's Complaint.

Moreover, Magistrate Judge Pesto's R&R also correctly concluded, with respect to Plaintiff's RLUIPA claim against the Defendants, that to the extent Plaintiff's RLUIPA claim seeks injunctive relief, because the injunctive relief sought can (and arguably would have to) be implemented by Defendant Dr. Laurel Harry ("Secretary Harry") in her official capacity as the Secretary of the Pennsylvania Department of Corrections,[8] Plaintiff's RLUIPA injunctive relief claim should be dismissed with prejudice against all of the Defendants, other than Secretary Harry, prior to service of Plaintiff's Complaint. *Cf. Crews v. Wetzel*, Civ. No. 18-25J, 2018 WL

---

abundance of caution, the Court is presuming Plaintiff *is* objecting to Magistrate Judge Pesto's recommendation that the Court dismiss Plaintiff's RLUIPA claim against the Defendants to the extent Plaintiff seeks monetary damages.

[8] In his Complaint, Plaintiff alleges that Secretary Harry "has overall responsibilities for the policies, procedures, operation and supervision of the PaDOC, its employees, agents, assigns and Correctional Facilities, including the SCI-FYT," "is the final policymaker and decision maker for the PaDOC," "is ultimately responsible for establishing PaDOC DC-ADM 819 Religious Activities Manual," and is "a member of the Religious Accommodations Review Committee ('RARC')." (Doc. 6, at ¶ 3).

6249926, at *1 (W.D. Pa. Oct. 12, 2018), *report and recommendation adopted*, 2018 WL

6299958 (W.D. Pa. Nov. 29, 2018) (J. Gibson) (concluding with respect to prisoner plaintiff's

Section 1983 Fourteenth Amendment due process claim against fifteen (15) defendants for

money damages and injunctive relief, including then Pennsylvania Secretary of Corrections

Wetzel: "The other defendants should be dismissed. *They are not needed for injunctive relief* and

there are no viable claims for compensatory damages alleged against them.") (emphasis added).

Thus, to be clear, Plaintiff's RLUIPA claim shall be dismissed with prejudice prior to

service of Plaintiff's Complaint as to: (1) all of the Defendants to the extent that Plaintiff seeks

monetary damages; and (2) all of the Defendants, but Secretary Harry, to the extent that Plaintiff

seeks injunctive relief.

### 2. Plaintiff's Section 1983 monetary damages claims against the Defendants in their official capacities – Counts I, II, and IV of Plaintiff's Complaint

With respect to Plaintiff's Section 1983 monetary damages claims against the Defendants

in their official capacities, based on the Defendants' alleged violations of Plaintiff's rights under

the First Amendment's Free Exercise of Religion and Establishment Clauses and the Fourteenth

Amendment's Equal Protection Clause, for the following reason, Plaintiff's Objections

(including as set forth in Plaintiff's Declaration) are meritless, and thus, are OVERRULED.

Simply stated, Plaintiff may not sue any of the Defendants in their official capacities[9]

under Section 1983 for monetary damages for violation of his Constitutional rights because

Section 1983 authorizes suits only against any "person" who deprives an individual of his

Constitutional rights and it is well established that neither a State nor its officials or employees

acting in their official capacities are "persons" under Section 1983. *See Will v. Michigan Dep't*

---

[9] In his Complaint, Plaintiff alleges that each of the Defendant either are officials with, or employees of, the Commonwealth of Pennsylvania. (*See* Doc. 6 at 13-17).

*of State Police*, 491 U.S. 58, 71 (1989) (concluding: "neither a State nor its officials acting in

their official capacities are 'persons' under § 1983"); *Fullman v. City of Philadelphia*,

No. 23-2030, 2024 WL 937060, at *2 (3d Cir. Mar. 5, 2024) (citing *Will*, 491 U.S. at 71)

(holding: "[T]o the extent that [the plaintiff] sought to sue Bonner [an agent with the Gun

Violence Task Force for the Pennsylvania Office of Attorney General] in her official capacity as

an employee of the Commonwealth of Pennsylvania, state employees in their official capacities

are not "persons" who can be sued for damages under § 1983."); *Downey v. Pennsylvania Dept.

of Corrections*, 968 F.3d 299, 310 (3d Cir. 2020) (citing 71 Pa. Stat. and Cons. Stat. Ann. § 61)

(explaining: "The Pennsylvania Department of Corrections is undoubtedly a state instrumentality

and its officials are state agents.").

Accordingly, Magistrate Judge Pesto correctly concluded in his R&R that all of

Plaintiff's Section 1983 monetary damages claims against the Defendants in their official

capacities are properly dismissed with prejudice prior to service of Plaintiff's Complaint.

> **3. Plaintiff's Section 1983 monetary damages claims against the Defendants in their individual capacities based on their alleged violations of Plaintiff's rights under the First Amendment's Free Exercise of Religion and Establishment Clauses and the Fourteenth Amendment's Equal Protection Clause - Count I, II, and IV of Plaintiff's Complaint**

With respect to Plaintiff's Section 1983 monetary damages claims against the Defendants

in their individual capacities based on the Defendants' alleged violations of Plaintiff's rights

under the First Amendment's Free Exercise of Religion and Establishment Clauses and the

Fourteenth Amendment's Equal Protection Clause, for the following reasons, the Court finds that

Plaintiff's Objections (including as set forth in Plaintiff's Declaration) are meritless, and thus,

are OVERRULED.

13

       a.   *Plaintiff's Section 1983 monetary damages claim against the*
           *Defendants in their individual capacities based on their alleged*
           *violation of Plaintiff's rights under the First Amendment's Free*
           *Exercise of Religion Clause*

First, for the following reason, the Court agrees with Magistrate Judge Pesto's conclusion in his R&R that the Defendants are entitled to qualified immunity as to Plaintiff's Section 1983 monetary damages claim against the Defendants in their individual capacities to the extent that said claim is premised on the Defendants allegedly violating Plaintiff's rights under the First Amendment's Free Exercise of Religion Clause, and thus, said claims should be dismissed with prejudice as to all of the Defendants prior to service of Plaintiff's Complaint.

As explained by the United States Supreme Court in *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5–6 (2021):

> "Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *White v. Pauly*, 580 U. S. ——, ——, 137 S.Ct. 548, 551, 196 L.Ed.2d 463 (2017) (per curiam) (internal quotation marks omitted). A right is clearly established when it is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11, 136 S.Ct. 305, 193 L.Ed.2d 255 (2015) (per curiam) (internal quotation marks omitted). Although "this Court's case law does not require a case directly on point for a right to be clearly established, existing precedent must have placed the statutory or constitutional question beyond debate." *White*, 580 U. S., at ——, 137 S.Ct., at 551 (alterations and internal quotation marks omitted). This inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Brosseau v. Haugen*, 543 U.S. 194, 198, 125 S.Ct. 596, 160 L.Ed.2d 583 (2004) (per curiam) (internal quotation marks omitted).

*Rivas-Villegas,* 595 U.S. at 5-6.

Applying this law to the factual allegations contained in Plaintiff's Complaint, Magistrate Judge Pesto correctly determined that even presuming Plaintiff has alleged in his Complaint facts that sufficiently support, as to each Defendant, that his or her denial of Plaintiff's request for a Kemetic diet and twice-monthly fasting privileges violated Plaintiff's rights under the First

Amendment's Free Exercise of Religion Clause, a reasonable officer would not have understood that he or she was violating a clearly-established right under the First Amendment's Free Exercise of Religion Clause in denying Plaintiff's requests for a Kemetic diet and twice-monthly fasting privileges.

>    b. *Plaintiff's Section 1983 monetary damages claims against the Defendants in their individual capacities based on their alleged violation of Plaintiff's rights under the First Amendment's Establishment Clause and the Fourteenth Amendment's Equal Protection Clause*

Second, for the following reason, the Court agrees with Magistrate Judge Pesto's conclusion in his R&R that Plaintiff's Section 1983 monetary damages claims against the Defendants in their individual capacities based on their alleged violations of Plaintiff's rights under the First Amendment's Establishment Clause and the Fourteenth Amendment's Equal Protection Clause should be dismissed with prejudice prior to service of Plaintiff's Complaint because all of the Defendants are entitled to qualified immunity as to these claims.

As with Plaintiff's Section 1983 monetary damages claim against the Defendants in their individual capacities based on their alleged violation of Plaintiff's rights under the First Amendment's Free Exercise of Religion Clause, even presuming Plaintiff has alleged facts in his Complaint that sufficiently support, as to each Defendant, that his or her denial of Plaintiff's request for a Kemetic diet and twice-monthly fasting privileges violated Plaintiff's rights under the First Amendment's Establishment Clause and the Fourteenth Amendment's Equal Protection Clause, a reasonable officer would not have understood that he or she was violating a clearly-established right under either the First Amendment's Establishment Clause or the Fourteenth Amendment's Equal Protection Clause in denying Plaintiff his requested Kemetic diet and fasting privileges.

15

> **4. Plaintiff's Section 1983 injunctive relief claims against the Defendants based on their alleged violations of Plaintiff's rights under the First Amendment's Free Exercise of Religion and Establishment Clauses and the Fourteenth Amendment's Equal Protection Clause – Counts I, II, and IV of Plaintiff's Complaint**

With respect to Plaintiff's Section 1983 injunctive relief claims against the Defendants based on their alleged violations of Plaintiff's Rights Under the First Amendment's Free Exercise of Religion and Establishment Clauses and the Fourteenth Amendment's Equal Protection Clause, for the following reason, the Court finds Plaintiff's Objections (including as set forth in Plaintiff's Declaration) to be meritless and thus, OVERRULED.

While Plaintiff correctly notes that qualified immunity is not a defense to injunctive relief,[10] Magistrate Judge Pesto did not determine that qualified immunity was a defense available to the Defendants as to Plaintiff's Section 1983 injunctive relief claims.

Rather, Magistrate Judge Pesto determined, correctly, that: (1) Plaintiff's Section 1983 claims for injunctive relief against the Defendants based on their alleged violations of Plaintiff's rights under the First Amendment's Free Exercise of Religion and Establishment Clauses and the Fourteenth Amendment's Equal Protection Clause, only need "one defendant capable of providing any necessary relief;" and (2) therefore, Plaintiff's Section 1983 injunctive relief claims can be dismissed with prejudice as to all of the Defendants, except for Secretary Harry, prior to service of Plaintiff's Complaint. *See Crews*, 2018 WL 6249926, at *1 (concluding with respect to prisoner plaintiff's Section 1983 Fourteenth Amendment due process claim against fifteen (15) defendants for money damages and injunctive relief, including then Pennsylvania Secretary of Corrections Wetzel: "The other defendants should be dismissed. *They are not*

---

[10] *See Hill v. Borough of Kutztown*, 455 F.3d 225, 244 (3d Cir. 2006) (stating: "[T]he defense of qualified immunity is available only for damages claims – not for claims requesting prospective injunctive relief.").

*needed for injunctive relief* and there are no viable claims for compensatory damages alleged against them.") (emphasis added).

### IV.    CONCLUSION

Accordingly, the following Order is entered this 10th day of June, 2025:

IT IS HEREBY ORDERED that:

1.  all of Plaintiff's Objections to Magistrate Judge Pesto's November 25, 2024 Report and Recommendation (Doc. 12) (including as set forth in Plaintiff's Declaration) are meritless and OVERRULED;

2.  Magistrate Judge Pesto's November 25, 2024 Report and Recommendation (Doc. 12), as supplemented by this Memorandum Order, is ADOPTED as the Opinion of the Court; and

3.  Except for the claims for injunctive relief set forth in Counts I, II, III, and IV of Plaintiff's Complaint against Defendant Dr. Laurel Harry, the Pennsylvania Secretary of Corrections, all of the claims set forth in Plaintiff's Complaint against Secretary Harry and the other eleven Defendants are dismissed with prejudice prior to service of Plaintiff's Complaint, *i.e.*, this case shall go forward to service as one for injunctive relief only, and with only one defendant, Secretary Harry.

IT IS FURTHER HEREBY ORDERED that this civil matter remains with Magistrate

Judge Pesto for further proceedings.

SO ORDERED.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel

LAWRENCE PETERSON
EK-2899
SCI FAYETTE
50 Overlook Drive
LaBelle, PA 15450