IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA


LAWRENCE PETERSON,


   Plaintiff,         24cv1591

                 ELECTRONICALLY FILED

  v.


DR. LAUREL HARRY *Secretary of the Department of Corrections,* ET AL.,


   Defendants.


## MEMORANDUM ORDER ADOPTING APRIL 28, 2026 REPORT AND RECOMMENDATION AND OVERRULING OBJECTIONS


This *pro se* prisoner civil rights action was commenced on November 20, 2024, when Plaintiff Lawrence Peterson ("Plaintiff"), a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") at State Correctional Institution at Fayette, filed a Motion for Leave to Proceed in Forma Pauperis. (Doc. 1). The case was assigned to United States Magistrate Judge Keith A. Pesto on November 21, 2024, for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rules of Court 72.C and 72..

Plaintiff's Complaint was brought pursuant to 42 U.S.C. Section 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). Plaintiff's Complaint was comprised of four (4) claims against the twelve (12) named Defendants, both in their individual and official

1

capacities, and Plaintiff seeks both injunctive relief and money damages. (Doc. 6 at 13, 18). Through his Complaint, Plaintiff asserted several federal civil rights violations in connection with his ability to practice his religion while incarcerated. Doc. 6. Specifically, Plaintiff alleges he was denied a request for a customized religious diet that aligns with his religious beliefs. See generally id.  Plaintiff set forth in the Complaint that he seeks a "Kemetic" diet in accordance with his religion, Shetaut Neter, which he alleges the DOC has denied him. Doc. 6 at ¶¶ 18, 20; Doc. 72 at 2.[i]

By Memorandum Order of June 10, 2025, this Court dismissed numerous claims against all but one Defendant (Dr. Harry, the Secretary of the Department of Corrections), without leave to amend, and affirmed the Report and Recommendation of Magistrate Judge Pesto (thus overruling the objections of Plaintiff).  Doc. 33. This Court dismissed Plaintiff's RLUIPA claim with prejudice prior to service of Plaintiff's Complaint as to: (1) all of the Defendants to the extent that Plaintiff seeks monetary damages; and (2) all of the Defendants, but Secretary Harry, to the extent that Plaintiff seeks injunctive relief.

Plaintiff then filed a Motion for Appointment of Counsel, Doc. 41, which was denied, Doc. 42, the instant Motion for Preliminary Injunction, Doc. 47, and a Motion to Amend his Complaint.  Doc. 57.   Then, on January 7, 2026, this case was then reassigned to United States Magistrate Judge Christopher B. Brown for pretrial proceedings, and this matter remains before the undersigned.  Doc. 61.  Plaintiff's Motion to Amend his Complaint was denied by Text Order on March 11, 2026.  Doc. 57.

On April 28, 2026, after a full round of briefing on the pending Motion for Preliminary Injunction, Magistrate Judge Brown issued a thorough Report and Recommendation recommending that Plaintiff's Motion for Preliminary Injunction be denied.  Plaintiff was

informed that, in accordance with the Magistrate Judges Act, 28 U.S.C. §§ 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, he had fourteen (14) days to file any objections. Doc. 75.

On May 12, 2026, Plaintiff filed a Motion to Extend the date for the filing of his objections to the Report and Recommendation. Doc. 77. Magistrate Judge Brown granted said Motion and Ordered his Objections to be filed no later than June 1, 2026, with no further extensions. Doc. 78. On June 11, 2026, Plaintiff filed his Objections thereto. Doc. 79.

Federal Rule of Civil Procedure 65 allows a district court to enter a preliminary injunction. To obtain a preliminary injunction, a plaintiff must establish: (1) that they are likely to prevail on the merits of the case; (2) that they would suffer irreparable harm if preliminary injunctive relief were denied; (3) that the harm defendants would suffer from the issuance of an injunction would not outweigh the harm plaintiffs would suffer if an injunction were denied; and (4) that the public interest weighs in favor of granting the injunction. *Holland v. Rosen*, 895 F.3d 272, 285–86 (3d Cir. 2018) (citing *Del. Strong Families v. Att'y Gen. of Del.*, 793 F.3d 304, 308 (3d Cir. 2015)). The first two factors are "gateway factors": if the plaintiff has not established those factors, the Court need not consider the last two factors. *Greater Phila. Chamber of Commerce v. City of Phila.*, 949 F.3d 116, 133 (3d Cir. 2020) (quoting *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017)). If the plaintiff does establish the first two factors, "[t]he court then determines 'in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief.' " *Id.* (quoting *Reilly*, 858 F.3d at 179).

It is well established that:

"A primary purpose of a preliminary injunction is maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994). . . . "A party seeking a mandatory preliminary

3

injunction that will alter the status quo bears a particularly heavy burden in demonstrating its necessity." *Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir.1994).

*Ryan v. Robinson*, Civ. No. 22-1175, 2025 WL 2597083, at *1 (D.N.J. Sept. 8, 2025).

A preliminary injunction compelling Dr. Harry, as the Secretary of the Department of Corrections, to accommodate Defendant by creating a customized religious diet for him and his request for bi-monthly fasting meal bags, would fundamentally alter the status quo, not maintain it. Further, Plaintiff's allegations, even taken as true, do not establish that a delay in instituting Plaintiff's requested changes until this legal matter is decided on its merits, would cause irreparable harm to Plaintiff.

Plaintiff now objects to Magistrate Judge Brown's determination that Plaintiff does not show he was substantially burdened in the practice of his religion, and that generalizations do not show a better than negligible chance that he was substantially burdened. Plaintiff contends that the Magistrate Judge Brown's reliance on on *Norwood v. Strada*, 249 F. App'x 269, 272 (3d Cir. 2007), is misplaced because in that case, the Court found a *de minimus* intrusion, whereas, according to Plaintiff, this intrusion is not *de minimus* because it will interfere with the free exercise of his religion of the "rest of his natural life," because he is a life sentence prisoner.

The Court agrees with and echoes the statements of Magistrate Judge Brown that, "[d]espite his conclusory allegations, Peterson has not shown that he has been forced to eat any foods that are contrary to his religion, nor has he shown he was faced with a Hobson's choice to eat religiously proscribed foods or little or nothing at all." Doc. 75 at 11. Moreover, he has not shown that "is unable to observe his ritual fasting days, he likewise does not provide any evidence that he was ever unable to observe his fast, nor that he has been disciplined for keeping a meal tray in his cell." Id. at 12. Indeed, what is absent from Plaintiff's filings is any

demonstration that his religion has been substantially burdened and without that, he has failed to show a likelihood of success on the merits. *Am. Express Travel Related Servs., Inc. v. Sidamon–Eristoff*, 669 F.3d 359, 366 (3d Cir.2012).

After a *de novo* review of the pleadings, documents in the case, Magistrate Judge Brown's Report and Recommendation, and Plaintiff's Objections, Plaintiff's Objections, Doc. 79, are OVERRULED as meritless.

It is further ORDERED that the April 28, 2026 Report and Recommendation, Doc. 75, is adopted as the Opinion of the Court.  Plaintiff's Motion for Preliminary Injunction, Doc. 47, is DENIED.

IT IS FURTHER HEREBY ORDERED that this civil matter remains with Magistrate Judge Brown for further proceedings.

SO ORDERED, this 30th day of June, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel

LAWRENCE PETERSON
EK-2899
SCI FAYETTE
50 Overlook Drive
LaBelle, PA 15450

5

---

[i] Plaintiff seeks a diet containing 80% raw fruits and vegetables and 20% processed foods or 50% raw fruits and vegetables and 50% cooked foods containing "rich sources of vegetarian protein" such as "soy, soymilk, tofu and peanut[] butter[.]" Doc. 47 at 5. He also seeks a meal schedule which provides him "with a meal after sunset and before sunrise on the monthly ritual moon festival sightings of the full moon and new moon days."  Lastly, he seeks a plan by qualified dieticians for the plaintiff of providing the necessary food items to make a 4th religious diet option and to accommodate him a meal plan for" his ritual fasting days. Doc. 47-1 at 1-2.